IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GREGORY BAUCUM, | ) |
| Petitioner, | ) Civil Action No. 2:20-cv-639 |
| v. | ) |
| | ) Magistrate Judge Patricia L. Dodge |
| WESTMORELAND COUNTY DISTRICT ATTORNEY'S OFFICE, *et al.* | ) |
| Respondents. | ) |

## MEMORANDUM

Before the Court[1] is a petition for a writ of habeas corpus filed by Petitioner, Gregory Baucum, pursuant to 28 U.S.C. § 2241. (ECF No. 8). For the reasons that follow, the Court will dismiss the petition because it is moot and deny a certificate of appealability.

### I.

When Petitioner commenced this habeas action in May 2020, he was awaiting trial before the Court of Common Pleas of Westmoreland County (the "trial court") in criminal case CP-65-CR-1574-2019 on multiple charges of Intimidation of a Witness or Victim, in violation of 18 PA. CONS. STAT. § 4952, and Retaliation Against a Witness or Victim, in violation of 18 PA. CONS. STAT. § 4953. He raised numerous claims in his petition, including that he was being held on excessive bail, that his right to a speedy trial was being violated, that insufficient evidence was introduced at his preliminary hearing, and that the prosecution was withholding evidence.

---

1 In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties voluntarily consented to have a U.S. Magistrate Judge conduct proceedings in this case, including entry of a final judgment.

1

The Court directed that the petition be served upon the Respondents. Petitioner's trial was held on August 5, 2020, shortly after Respondents had filed their answer in this case. (ECF No. 15). An up-to-date version of the docket sheet for Petitioner's state criminal case is available online at <https://ujsportal.pacourts.us> and the Court takes judicial notice of it. It establishes that he was convicted on one count of Intimidation of a Witness or Victim and one count of Retaliation Against a Witness or Victim and that, on August 24, 2020, the trial court sentenced him to a term of imprisonment of 364-729 days, with credit for time served, to be followed by two years of probation.

## II.

The purpose of a writ of habeas corpus is to challenge the legal authority under which a prisoner is held in custody. *See, e.g., Keitel v. Mazurkiewicz*, 729 F.3d 278, 280 (3d Cir. 2013) (citing, *inter alia*, *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973)). "For state prisoners, federal habeas corpus is substantially a post-conviction remedy." *Moore v. DeYoung*, 515 F.2d 437, 441 (3d Cir. 1975) (citing *Peyton v. Rowe*, 391 U.S. 54, 50 (1967) and 28 U.S.C. § 2254). After a state prisoner has been convicted, sentenced, and has exhausted his remedies in the state courts, he may seek federal habeas relief pursuant to 28 U.S.C. § 2254, which is the federal habeas statute applicable to state prisoners "in custody pursuant to the judgment of a State court[.]" 28 U.S.C. § 2254(a).

While § 2254 applies to post-trial situations, the more general habeas corpus statute of 28 U.S.C. § 2241 does provide federal courts with jurisdiction to issue a writ of habeas corpus filed by a state pretrial detainee, but only in very limited circumstances. The United States Court of Appeals for the Third Circuit has warned that jurisdiction over a state prisoner's § 2241 pretrial petition "must be exercised sparingly in order to prevent in the ordinary circumstance 'pre-trial habeas interference by federal courts in the normal functioning of state criminal processes.'" *Duran*

*v. Thomas*, 393 F. App'x 3 (3d Cir. 2010) (quoting *Moore*, 515 F.2d at 445-46). Additionally, regardless of whether a state prisoner is proceeding under § 2241 or § 2254, and except in very rare circumstances that do not apply here, a petitioner must first exhaust his available state-court remedies before he may proceed with his claims in federal court. 28 U.S.C. § 2254(b), (c); *see, e.g., Breakiron v. Wetzel*, No. 2:14-cv-570, 2015 WL 451167, *7 (W.D. Pa. Feb. 3, 2015) (citing *Schandelmeier v. Cunningham*, 819 F.2d 52, 53 (3d Cir. 1986) and *Moore*, 515 F.2d at 441).

In their answer, Respondents argued that the Court should dismiss Petitioner's claims due to lack of exhaustion. However, certain developments after Respondents filed their answer require this Court to first address whether the habeas petition is now moot as that affects this Court's jurisdiction. *See, e.g., Keitel*, 729 F.3d at 280. In this case, Petitioner is no longer a pretrial detainee. He is now in custody pursuant to a state-court judgment. Accordingly, his request for pretrial federal habeas relief under § 2241 is moot and the Court will dismiss the petition for that reason. *See, e.g., Williams v. New Jersey,* No. 18-cv-14964, 2020 WL 3259223, at *2 (D.N.J. June 16, 2020) (state prisoner's guilty plea moots his § 2241 habeas petition challenging pretrial detention); *Jones v. Mullen,* No. 17-cv-1366, 2017 WL 7691900, at *2 (W.D. Pa. Dec. 8, 2017) ("where a habeas petitioner is challenging pretrial custody, after the petitioner is convicted, the habeas petition challenging the pretrial custody is rendered moot by the conviction."), report and recommendation adopted by, 2018 WL 889027 (W.D. Pa. Feb. 14, 2018). In the event that Petitioner claims that his current detention is violative of his federal constitutional rights, he may file a petition for a writ of habeas corpus in federal court under 28 U.S.C. § 2254 after he exhausts his available state court remedies.

Because jurists of reason would not find it debatable whether Petitioner's § 2241 petition

3

should be dismissed as moot, a certificate of appealability is denied with respect to all claims. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

An appropriate order follows.

BY THE COURT:

Dated:  August 27, 2020

s/Patricia L. Dodge
PATRICIA L. DODGE
United States Magistrate Judge